UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER GAMBLE, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| CARSON SMITHFIELD, LLC, | FILED |
| Defendant. | JAN 09 2020 |
| | KATE BARKMAN, Clerk |
| | By_____ Dep. Clerk |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Carson Smithfield, LLC ("Carson"), by and through its counsel, Reed Smith LLP, hereby removes this action from the Court of Common Pleas of Chester County, Pennsylvania, in which it is pending, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Carson states as follows:

1. Plaintiff Christopher Gamble ("Plaintiff") commenced this action by way of Complaint filed on December 5, 2019, in the Court of Common Pleas of Chester County, Pennsylvania captioned *Christopher Gamble v. Carson Smithfield, LLC*, Docket No. 2019-12231-MJ (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Carson's registered agent, CT Corporation System, was served with the Complaint by certified mail on December 10, 2019.

3. In the Complaint, Plaintiff seeks to recover damages for alleged violations of 15 U.S.C. § 1692, *et. seq*, purportedly based on correspondence sent by Carson to Plaintiff. *See* Complaint at Ex. A.

4.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other papers on file with the Court of Common Pleas of Chester County, Pennsylvania are attached hereto as **Exhibit A**.

5.    This Notice of Removal is timely, being filed within thirty (30) days of the first day on which Carson was served with the Complaint as required by 28 U.S.C. § 1446(b).

6.    The State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) in that it is a civil action arising under the laws of the United States, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* ("FDCPA").

7.    The Court of Common Pleas of Chester County, Pennsylvania is located within the Eastern District of Pennsylvania. Therefore, venue in this Court is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

8.    No proceedings have occurred before the Court of Common Pleas of Chester County, Pennsylvania other than Plaintiff's filing of the Complaint and service upon Carson's agent, CT Corporation System.

9.    This removal is made without waiver of any defenses, including improper service of process and insufficiency of service of process.

10.   Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff's counsel of record in accordance with 28 U.S.C. § 1446(d).

11.   A true and correct copy of this Notice of Removal will also be promptly filed with the Prothonotary of the Court of Common Pleas of Chester County, Pennsylvania in accordance with 28 U.S.C. § 1446(d), as an attachment to Carson's Notice of Filing of Notice of Removal.

12.     No previous application has been made for the relief requested herein.

**WHEREFORE,** Carson Smithfield, LLC hereby gives notice that this action is removed from the Court of Common Pleas of Chester County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

_____
Michael C. Falk
PA I.D. No. 93187
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
215-851-8100
mfalk@reedsmith.com

*Attorneys for Defendant
Carson Smithfield, LLC*

Dated:  January 9, 2020

# EXHIBIT A

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
**CHESTER County**

*For Prothonotary Use Only*
Docket No: **2019-12231-MJ**

Filed and Attested by PROTHONOTARY 05 Dec 2019 02:16 PM M BARR

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

| Commencement of Action | | |
|---|---|---|
| ✔ Complaint | ___ Writ of Summons | ___ Petition |
| ___ Transfer from Another Jurisdiction | | ___ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| CHRISTOPHER GAMBLE | CARSON SMITHFIELD, LLC |

| Are money damages requested? ✔ Yes ___ No | Dollar Amount Requested: ✔ Within arbitration limits |
|---|---|
| | (check one) ___ outside arbitration limits |

| Is this a Class Action Suit? ___ Yes ✔ No | Is this an MDJ Appeal? ___ Yes ✔ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: fred e davis, iv

___ Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

| TORT *(do not include Mass Tort)* | CONTRACT *(do not include Judgments)* | CIVIL APPEALS |
|---|---|---|
| ___ Intentional | ___ Buyer Plaintiff | ___ Administrative Agencies |
| ___ Malicious Prosecution | ___ Debt Collection: Credit Card | ___ Board of Assessment |
| ___ Motor Vehicle | ___ Debt Collection: Other | ___ Board of Elections |
| ___ Nuisance | ___ Employment Dispute: Discrimination | ___ Dept. of Transportation |
| ___ Premises Liability | | ___ Statutory Appeal: Other |
| ___ Product Liability *(does not include mass tort)* | ___ Employment Dispute: Other | ___ Zoning Board |
| | ___ Other | ___ Other: |
| ___ Slander/Libel/Defamation | | |
| ___ Other: | | |

| MASS TORT | REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| ___ Asbestos | ___ Ejectment | ___ Common Law/Statutory Arbitration |
| ___ Tobacco | ___ Eminent Domain/Condemnation | ___ Declaratory Judgement |
| ___ Toxic Tort - DES | ___ Ground Rent | ___ Mandamus |
| ___ Toxic Tort - Implant | ___ Landlord/Tenant Dispute | ___ Non-Domestic Relations |
| ___ Toxic Waste | ___ Mortgage Foreclosure: Residential | ___ Restraining Order |
| ___ Other: | ___ Mortgage Foreclosure: Commercial | ___ Quo Warranto |
| | ___ Partition | ___ Replevin |
| **PROFESSIONAL LIABILITY** | ___ Quiet Title | ✔ Other: |
| ___ Dental | ___ Other: | |
| ___ Legal | | |
| ___ Medical | | |
| ___ Other Professional | | |

2019-12231-MJ

**Chester County**
**Court of Common Pleas**
**Cover Sheet**

Docket No: **2019-12231-MJ**

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| **CHRISTOPHER GAMBLE** <br> 2756 PRATT STREET   PHILADELPHIA, PA 19137 | (Name, firm, address, telephone and attorney ID#) <br> **fred e davis, iv** <br> (855) 432-8475 davis consumer law firm attorney ID#: 093907 <br> 2300 Computer Rd Suite G39 Willow Grove, PA 19090 |
| Defendant(s): (Name, Address) <br> **CARSON SMITHFIELD, LLC** <br> 1209 ORANGE STREET   WILMINGTON, DE 19801 | Are there any related cases? Please provide case nos. |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

Commencement of Action (if applicable): __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded ✔ Yes __ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

**Arbitration Cases Only**

| Arbitration Date | 2020-06-05 |
|---|---|
| Arbitration Time | 09:00:00 |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.
This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**
Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filed unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2019-12231-MJ*

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>500 OFFICE CTR DR-STE 400<br>FT. WASHINGTON, PA 19034<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| CHRISTOPHER GAMBLE<br>2756 Pratt Street<br>Philadelphia, PA<br>19137-2138<br><br>*Plaintiff*<br><br>v.<br><br>CARSON SMITHFIELD, LLC<br>1209 Orange Street<br>Wilmington, DE<br>19801<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## NOTICE TO DEFEND
## CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**

Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

*2019-12231-MJ*

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL**
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

*2019-12231-MJ*



Fred Davis, Esq.  
Identification No. 93907  
DAVIS CONSUMER LAW FIRM  
500 OFFICE CTR DR-STE 400  
FT. WASHINGTON, PA 19034  
(T)1-855-432-8475/(F)1-855-435-9294  
fdavis@usacreditlawyer.com  

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER  
ASSESSMENT OF DAMAGES  
HEARING IS REQUESTED.

| | |
|---|---|
| CHRISTOPHER GAMBLE<br>2756 Pratt Street<br>Philadelphia, PA<br>19137-2138<br><br>*Plaintiff*<br><br>v.<br><br>CARSON SMITHFIELD, LLC<br>1209 Orange Street<br>Wilmington, DE<br>19801<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, CHRISTOPHER GAMBLE, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 2756 Pratt Street, Phila., PA, 19137-2138.

2. Defendant, CARSON SMITHFIELD, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 1209 Orange Street, Wilmington, DE 19801. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5. Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6. Venue is proper in Chester County pursuant to Pennsylvania Rule(s) of Civil Procedure 1006 and 2179.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person residing in Phila., PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

10. Defendant, CARSON SMITHFIELD, LLC, is a company handling debt collection matters with headquarters located at 1209 Orange Street, Wilmington, DE 19801.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Throughout the past year, Defendant has contacted Plaintiff attempting to collect a debt it alleges originated with Nationwide Bank in the amount of $7,514.04.

14. Plaintiff alleges and avers that Defendant misrepresented the status and legal nature of the alleged account, as there is no proof Defendant owed anything to Nationwide Bank, or currently owes anything to "MERRICK BANK CORPORATION" and Defendant thereby violated 15 U.S.C §1692e.

15. Plaintiff alleges and avers that Defendant repeatedly and continuously called Plaintiff telephonically, as well as unrelated third-parties, at irregular times and places, and often times failed to identify itself and inform Plaintiff of his rights, in violation of 15 U.S.C. §§ 1692c(a)(1) and d.

16. Plaintiff alleges and avers that Defendant sought to collect amounts comprised largely of improper fees and/or interest, and Defendant's collection efforts were thus in violation of 15 U.S.C. §§1692e and f.

17. Plaintiff alleges and avers that Defendant failed to inform Plaintiff that litigation premised on the alleged debt is outside the relevant statute of limitations, and further that any communications regarding the alleged debt could re-start that statute, and Defendant thereby violated 15 U.S.C. §§1692e and f.

18. Plaintiff alleges and avers that Defendant's letter failed to adequately apprise Plaintiff of his rights, and Defendant thereby violated 15 U.S.C.§1692g.

19. Plaintiff alleges and avers that Defendant cryptically informed Plaintiff that a dispute regarding the validity of the alleged debt was considered "resolved" by Defendant, thereby leaving Plaintiff under the impression he had waived any rights to defend/dispute the debt and had to pay, in violation of 15 U.S.C.§§ 1692e(1) and f(2).

*2019-12231-MJ*

20. Plaintiff further alleges and avers that despite receiving notice that Plaintiff disputed the debt, Defendant failed to timely notify the relevant credit bureau and update the status of the alleged debt as disputed. Plaintiff alleges and avers that Defendant thereby communicated false credit information about Plaintiff, in violation of 15 U.S.C. § 1692e(8).

21. Plaintiff further alleges and avers that there is no credible proof of any written agreement by and between Plaintiff and Nationwide Bank evidencing the existence of an account, or authorizing third-party collection or assignment of the account, nor is there any credible proof of any sale or assignment of any such account to Merrick Bank Corporation of 15 U.S.C. §§ 1692e(2), (5) and f(1).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

22. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

    b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

    c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, CHRISTOPHER GAMBLE, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT TWO
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

23. Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

24. Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

25. Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

26. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

27.     Plaintiff alleges and avers that Defendants violated the Act by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt, and that Defendant's conduct complained of herein paragraphs amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq*, and is thus a concomitant violation of the Unfair Trade Practices Act.

28.     Plaintiff further alleges and avers that Defendant's misreporting of credit information and misrepresentations surrounding the alleged debt was done solely to confuse and deceive Plaintiff into thinking the debt was legitimate, and Defendant thereby violated the Act.

29.     The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, as well as written confirmation that Defendant has properly reported to the relevant credit bureaus accurate information surrounding the invalidation of the bogus "debt", plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

DAVIS CONSUMER LAW FIRM

By:     Fred Davis, PA ID #93907
        Attorney for Plaintiff, CHRISTOPHER GAMBLE
        500 Office Center Drive-Suite 400
        Ft. Washington, PA    19034
        Tel – 1-855-432-8475/Facsimile-1-855-435-9294
        Email: fdavis@usacreditlawyer.com

*2019-12231-MJ*

## **V E R I F I C A T I O N**

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, CHRISTOPHER GAMBLE
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## CERTIFICATE OF SERVICE

I, Michael C. Falk, hereby certify that on this 9th day of January, 2020, a true and correct copy of the foregoing Notice of Removal was filed electronically and is available for viewing and downloading from the Court's ECF system. I further certify that the following counsel will be served by overnight courier:

Fred Davis, Esquire
Davis Consumer Law Firm
500 Office Center Drive-Suite 400
Ft. Washington, PA 19034

FILED
JAN 09 2020
KATE BARKMAN, Clerk
By:_____ Dep. Clerk

_____
Michael C. Falk

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHRISTOPHER GAMBLE

**DEFENDANTS**
CARSON SMITHFIELD, LLC

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Fred Davis, Davis Consumer Law Firm
500 Office Center, Suite 400
Ft. Washington, PA 19034; tel. 855-432-8475

Attorneys *(If Known)*
Michael C. Falk, Reed Smith LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103; tel. 215-851-8100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692
Brief description of cause:
Alleging violations of the Fair Debt Collection Practices Act and PA Unfair Trade Practices Act

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 01/09/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

*[Stamp: JAN -9 2020]*
*[Stamp: 20 161]*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTOPHER GAMBLE                                    CIVIL ACTION

v.

CARSON SMITHFIELD, LLC                                NO. 20-161

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( )

(f) Standard Management – Cases do not fall into any one of the other tracks.                           (X)

| January 9, 2020 | _[signature]_ | Carson Smithfield, LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-851-8100 | 215-851-1420 | mfalk@reedsmith.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN -9 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20    161

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Christopher Gamble, 2756 Pratt Street, Philadelphia, PA 19137

Address of Defendant: Carson Smithfield, LLC, 1209 Orange Street, Wilmington, DE 19801

Place of Accident, Incident or Transaction: Chester County, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/09/2020    _____    93187
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
      *(Please specify):* Fair Debt Collection Practices Act

**B.   Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JAN -9 2020

DATE: _____    Sign here if applicable _____    _____
                                   *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*